UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TAMMY McKAMEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-440 |
| | ) | (VARLAN/GUYTON) |
| FINANCIAL ACCOUNTS SERVICES | ) | |
| TEAM, INC., and TONY DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on Plaintiff's Motion to Strike Affirmative Defenses of Defendant Financial Accounts Services Team, Inc. [Doc. 10], in which plaintiff Tammy McKamey moves the Court, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike certain defenses alleged in the answer filed by defendant Financial Accounts Services Team, Inc. ("defendant FAST"). Defendant FAST has filed a response in opposition [Doc. 14]. The matter is ripe for determination.

**I.      Relevant Background Facts**

On October 2, 2009, plaintiff filed the complaint [Doc. 1], alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, *et seq.* (the "FDCPA"), by defendant FAST and defendant John Doe. On November 18, 2009, defendant FAST filed a motion to dismiss for lack of subject matter jurisdiction [Doc. 4]. On April 27, 2010, the Court entered an order denying defendant FAST's motion to dismiss [Doc. 7], and on June 10, 2010,

defendant FAST filed its answer in which it alleged six general or affirmative defenses (the "answer") [Doc. 8, pp. 4-5].

## II. Analysis

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The United States Court of Appeals for the Sixth Circuit has held that "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citations omitted). A motion to strike an affirmative defense under Rule 12(f) "is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.'" *United States Sec. & Exch. Comm'n v. Thorn*, No. 2:01-CV-290, 2002 WL 31412440, at *2 (S.D. Ohio Sept. 30, 2002) (quoting *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997)).

In its answer, defendant FAST asserts six defenses: (1) plaintiff's complaint fails to state a claim upon which relief may be granted;[1] (2) plaintiff's claims fall outside the applicable statute of limitations and are time-barred; (3) if defendant FAST is found to have violated any provision of law as alleged by plaintiff, any such violation is a result of a bona

---

[1] Plaintiff has not requested that the Court strike defendant FAST's first defense.

fide error; (4) if any defendant is found to be collecting a debt, such debt is legitimate and still due and owing by plaintiff and any defendant against whom liability is established is entitled to setoff for the amount of said debt; (5) the debt described in plaintiff's complaint is a commercial debt and the FDCPA does not apply to the collection of commercial debts; (6) plaintiff's damages are capped at $1,000.00 by statute pursuant to the law of this Court and the Sixth Circuit [Doc. 8, pp. 4-5].[2]

### A. Second Defense - Plaintiff's Claims are Barred by the Statute of Limitations

Plaintiff asserts that this defense merely restates the main allegations of defendant FAST's previous motion to dismiss, which the Court denied. In the Court's previous order, addressing defendant FAST's motion to dismiss for lack of subject matter jurisdiction because plaintiff's claims were time-barred, *see* 15 U.S.C. § 1692k(d),[3] the Court observed that:

> [The Court] cannot determine, based on the present facts, that [the Court] lacks subject matter jurisdiction over this matter based on the

---

[2] In its response, defendant FAST submits that plaintiff filed her motion to strike outside of the twenty-one (21) day period for filing of a motion to strike, as provided by Rule 12(f)(2). Fed. R. Civ. P. 12(f)(2) ("[t]he court may act . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading"). The answer of defendant FAST was filed on June 10, 2010 [Doc. 8]. Plaintiff's motion to strike was filed on June 23, 2010 [Doc. 10]. Given the time between the filing of the answer and plaintiff's motion to strike, the Court does not agree that the motion to strike was filed outside the twenty-one (21) day period.

[3] "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurred." 15 U.S.C. § 1692k(d).

> one-year statute of limitations contained in the FDCPA. While defendant FAST has submitted a seemingly valid computer generated Collection Log which does not show telephone communication by a collection agent on October 2, 2008, plaintiff has also submitted seemingly valid telephone records showing four telephone calls plaintiff seems to have received on October 2, 2008 from a number plaintiff alleges was owned by defendant FAST. Defendant FAST has not denied ownership of this number.

[Doc. 7, pp. 5-6].

Due to the inconsistent telephone records submitted by the parties, and in light of the lack of an explanation for the inconsistencies, the Court denied defendant FAST's request to dismiss plaintiff's claims because the claims are time-barred under the FDCPA's statute of limitations. Thus, because the Court did not conclusively resolve the statute of limitations issue in its previous order, holding instead that the evidence was insufficient, at that time, to make a determination, and because requests to strike are generally disfavored and granted only where allegations are clearly immaterial to the controversy or would prejudice the movant, the Court hereby declines to strike defendant FAST's second defense. *See Brown & Williamson Tobacco Corp.*, 201 F.2d at 822; *see also United States v. Am. Elec. Power Serv. Corp.*, 218 F. Supp. 2d 931, 935 (S.D. Ohio 2002).

### B. Third Defense – Actions the Result of a Bona Fide Error

Plaintiff next asserts that defendant FAST has not properly alleged the bona fide error defense. The FDCPA provides for a bona fide error defense which states that:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona

> fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). "To qualify for the bona fide error defense, a debt collector must prove by a preponderance of the evidence that: (1) the violation was unintentional; (2) the violation was a result of a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid any such error." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 476-77 (6th Cir. 2009) (citation omitted). Further, the United States Supreme Court has recently held, in an opinion reversing a decision of the Sixth Circuit, that a bona fide error defense under § 1629k(c) cannot apply to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608 (2010).

Plaintiff has alleged numerous violations of the FDCPA which, if true, may constitute allegations committed by employees of defendant FAST without knowledge that such conduct violates the legal requirements of the FDCPA [*see* Doc. 1, ¶¶ 9-24]. Per the Supreme Court's holding in *Jerman*, pleading the bona fide error defense to some of plaintiff's alleged violations of the FDCPA would not permit defendant FAST to escape liability. However, the Court declines, at this point, to parse out plaintiff's allegations of FDCPA violations to which the bona fide error defense would or would not apply. Further, the Court does not interpret the pleading requirements necessary for asserting the bona fide error defense to be as stringent as plaintiff implies. While the Court notes that the burden is on defendant FAST of proving, by a preponderance of the evidence, the requirements of the

bona fide error defense, this burden does not arise at this stage of the litigation and the validity of this defense must await further development of the factual record. Accordingly, the Court hereby declines to strike defendant FAST's third defense.

    **C.**    **Fourth Defense – Legitimate Debt**

Defendant FAST's fourth defense states that "[i]f any Defendant is found to be collecting a debt, such debt is legitimate and still due and owing by the Plaintiff and any Defendant against whom liability is established is entitled to setoff for the amount of the said debt." [Doc. 8, p. 5]. Plaintiff points to the case of *Glover v. Elliot*, No. 1:07-CV-648, 2007 WL 2904050 (W. D. Mich. Oct. 2, 2007), in which a defendant asserted a similar defense. In considering this defense, the court in *Glover* held that "defendant . . . does not identify any debt or claim owing to defendant that would give rise to such a right. Again, this is boilerplate language that the court will not tolerate. The defense will be stricken." *Glover*, 2007 WL 2904050, at *5. Defendant FAST asserts that plaintiff's request to strike this defense should be denied because the record is not clear that issues of fact or substantial questions of law do not exist that would allow defendant FAST to recover "at least its interest in the claim against Plaintiff." [Doc. 14, p. 5].

The Court has reviewed and considered the *Glover* opinion. However, the Court cannot determine, at this stage of the litigation, that the insufficiency of this defense is clearly apparent or that there are no factual issues in regard to this defense that should not be determined at a later time. *See, e.g., United States v. Pretty Prods., Inc.*, 780 F. Supp. 1488

(S.D. Ohio 1991) (considering various affirmative defenses asserted in a CERCLA action). Accordingly, the Court hereby declines to strike defendant FAST's fourth defense.

### D. Fifth Defense – Commercial Debt

In its fifth defense, defendant FAST asserts that the debt described in plaintiff's complaint is a commercial debt and thus, the FDCPA does not apply [Doc. 8, p. 5]. Citing the allegations of plaintiff's complaint and the affidavit of Bobby Eugene Key, Jr., submitted by defendant FAST in support of its motion to dismiss for lack of subject matter jurisdiction [Doc. 5-1], plaintiff requests that this defense be stricken because the debt defendant FAST was attempting to collect from plaintiff was a consumer debt, not a commercial debt. Defendant FAST responds that it denies plaintiff's allegations that the debt at issue is a consumer debt and to strike this defense would deprive defendant FAST of its availability and plaintiff should be able to prove, in the course of this litigation, that the debt at issue is a consumer debt and not a commercial debt.

The FDCPA, which regulates abusive collection tactics in relation to consumer, but not commercial debts, broadly defines consumer debts as:

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment.

15 U.S.C. § 1692a(5); *see also Van Eck v. BAL Global Fin., LLC*, Civ. Action No. 08-CV-13436, 2009 WL 3210992, at *1 (E. D. Mich. Sept. 30, 2009).

7

Given the standard by which a request to strike is considered, and because requests to strike are generally disfavored and granted only where the allegations are clearly immaterial to the controversy or would prejudice the movant, the Court, noting the respective burdens of the parties and having found no prejudice from the assertion of this defense, hereby declines to strike defendant FAST's fifth defense.

**E.     Sixth Defense – Plaintiff's Damages are Capped at $1,000.00**

Under the caption "Defendant FAST's Sixth Defense" defendant FAST asserts that "[p]laintiff's damages are capped at $1,000.00 by statute and pursuant to the law of this Court and the Sixth Circuit." [Doc. 8, p. 5].  Defendant FAST also asserts, in a separate paragraph, that "Defendants hereby reserve the right to amend the Answer and include additional allegations and defenses if such amendment becomes necessary." [*Id.*].  Plaintiff asserts that defendant FAST's statement pertaining to damages under the FDCPA is an incorrect statement of law and requests that it be stricken.  Plaintiff asserts that the second statement pertaining to amendment of the answer is immaterial and impertinent and requests that it too be stricken.

> The FDCPA provides for damages under the act as follows:
>
>> Except as provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –
>>
>> (1)     any actual damage sustained by such person as a result of such failure;
>>
>> (2)(A)  in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00;

> or (B)(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1692k(a). After the Court's review of this provision of the law and the sixth defense asserted by defendant FAST, it does not appear that "Defendant FAST's Sixth Defense" is an entirely correct statement of the law. Further, to the extent it is a partially correct statement of the law, the defense is redundant and immaterial given the provisions of § 1692k(a) and defendant FAST's denials that it violated any provision of the FDCPA. Accordingly, the Court grants plaintiff's request to strike defendant FAST's sixth defense.

In regard to the second part of plaintiff's request, defendant FAST asserts that its reservation of the right to amend its answer is not an asserted defense and is separate from defendant FAST's assertion of its sixth defense. Defendant FAST also argues that it has a right, under the Federal Rules of Civil Procedure and with leave of Court, to amend its answer if new facts become available.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the opposing party's written consent or the court's leave, and leave should be freely give when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Thus, because defendant FAST may move under the Federal Rules of Civil Procedure for leave to amend its answer, this portion of the answer of defendant FAST is unnecessary and not entirely correct, as defendant FAST must first request leave of Court or obtain plaintiff's consent. Accordingly, because this statement reserving the right to amend, whether it is a part of defendant FAST's sixth defense

or not, is redundant and unnecessary, the Court grants plaintiff's request to strike this statement.

## III. Conclusion

For the reasons given above, plaintiff's motion to strike [Doc. 10] is hereby **GRANTED in part and DENIED in part**. The motion is **GRANTED** to the extent that defendant FAST's sixth defense and the statement following the sixth defense and pertaining to defendant FAST's right to amend are hereby **STRICKEN**. The motion is **DENIED** to the extent that the Court declines to strike defendant FAST's second, third, fourth, and fifth defenses. The undersigned finds that there is no prejudice to plaintiff in allowing these remaining defenses to stand. Just as plaintiff bears the burden of proof of her claims, defendant FAST bears the burden of proving any asserted affirmative defense.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE